UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYLE ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00385-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Defendant's Partial Motion for Summary Judgment**

Kyle Ellison ("Ellison"), an inmate within the Federal Bureau of Prisons ("BOP"), brings this action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) contending that the BOP's medical staff acted negligently by failing to properly treat a contusion on his forehead.

The United States argues that Ellison failed to present an administrative tort claim to the BOP regarding any claims in his Complaint arising after July 23, 2015—namely, the suture removal and resulting reopening of the surgical incision—before filing this action and, therefore, he has failed to exhaust his administrative remedies regarding those claims under the FTCA. The United States seeks the entry of summary judgment in its favor as to any claims in Ellison's Complaint arising after July 23, 2015.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law relates to the FTCA. The FTCA permits a person to bring suit in federal court against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Pursuant to this provision, federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials. *United States v. Muniz,* 374 U.S. 150, 150 (1963).

"Like any other federal tort claimant, however, an inmate may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014) (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a) (requiring claimant to execute a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident....")). A plaintiff must file any claim under the FTCA in exact compliance with the statute's terms or the claim must be dismissed. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991). Title 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for ... loss of property ... unless the claimant shall have first presented the

> claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court. *See McNeil v. United States,* 508 U.S. 106, 112 & n. 7 (1993); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (stating that the exhaustion requirement is a "condition precedent to the plaintiff's ability to prevail.").

## II.  Undisputed Facts

### A.  Background

In his Complaint, Ellison contends that on August 27, 2014, he hit his forehead in the shower area, resulting in pain and swelling, and subsequently sought treatment from the FCI Terre Haute Medical Department. Ellison alleges that the BOP medical staff misdiagnosed the swelling and growth in his forehead and denied him treatment, eventually necessitating surgery by a contracting surgeon to remove the growth. On July 21, 2015, Dr. Brett Guinn, a contract physician, performed surgery at an outside hospital to remove a lipoma from Ellison's forehead area. Dr. Guinn is not an employee of the BOP.

After the surgery, Ellison contends that, on July 30, 2015, Kimberly Rhoads, a dental hygienist, prematurely removed his sutures, contrary to the orders of the contracting surgeon. According to Ellison, the premature removal of the sutures caused the surgical incision to reopen, contributing to his permanent injury, scarring, pain and suffering, and mental anguish and anxiety.

### B.  Claim Number TRT-NCR-2015-06109

On July 30, 2015, Ellison filed an administrative tort claim on Standard Form 95—Claim Number TRT-NCR-2015-06109—signed and dated July 23, 2015. This tort claim states:

3

> This FCI Terre Haute medical staff/department did noting [sic] when I brought my medical issue to sick-call & placed them on notice that I was in servere [sic] pain & suffering where I was told that it was not the knot on my head that was putting me in pain, and that it was a calcium build-up without giving me an MRI, X-ray, or Catscan. They prescribed no pain meds. in almost 2yrs of complaining of the severe pain & suffering I was exsperiancing [sic]. The FCI medical Staff/Dept. has falsely & wrongly continued to diagnose me & my medical injury for almost 2yrs, until I started filing my grievance and exhausted by administrative remedy that forced them to do their job which should have been done in the begining [sic] which would have proven my injury, pain & suffering was caused by Lipoma 'FATTY TUMA' [sic] and not a calcium buildup. . . but they didn't and I continued to suffer.

Tort Claim, Dkt. 1-1 at p. 1. The BOP denied Claim Number TRT-NCR-2015-06109 by letter dated October 14, 2015. The response provided by the Bureau of Prisons states, "Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." Dkt. 1-1 at 4.

### C. Claim Number TRT-NCR-2016-00105

On September 22, 2015, Ellison submitted another administrative claim—Claim Number TRT-NCR-2016-00105—with the BOP. Claim Number TRT-NCR-2016-00105 was signed by Ellison and dated July 23, 2015, and was identical to Claim Number TRT-NCR-2015-06109 that Ellison had previously filed on July 30, 2015, raising no new allegations.

Claim Number TRT-NCR-2016-00105 was denied on the grounds that the BOP had responded to Ellison's previous tort claim, the claim raised was identical to his previous claim, and no new issues or evidence were put forth.

### III. Discussion

The United States argues that it is entitled to entry of judgment in its favor as to any claims arising after July 23, 2015—specifically, the purportedly premature suture removal and resulting

4

reopening of the surgical incision—because Ellison failed to exhaust those claims under the FTCA. This Court disagrees, but not for the reasons raised by Ellison.[1]

The applicable regulations provide that a claim is deemed "presented" when a federal agency receives from a claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for property loss, personal injury, or death alleged to have occurred by reason of the incident. 28 C.F.R. § 14.2(a). All that is required is "sufficient notice to enable the agency to investigate the claim." *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003) (internal quotations omitted). Any cause of action fairly implicit in the facts set forth in the Standard Form 95 will be considered a claim that was "presented" to the BOP for purposes of the exhaustion requirement. *Id.* Put another way, if the claim would have been apparent to a "legally sophisticated reader" of the form, then the Court will charge the agency with notice of that claim and deem it to have been exhausted. *Id.* The Court finds that the claim at issue in this case is whether BOP medical staff were negligent in their treatment of Ellison's knot on his head which resulted in pain and suffering and for which he seeks money damages.

The United States complains that the tort claim signed July 23, 2015, made no mention of the surgery, which occurred on July 21, 2015, or resulting suture removal, which occurred on July 30, 2015. Nor is there any reference to Ms. Rhoads, whom Ellison contends removed the sutures.

---

[1] Ellison argues that the Federal Bureau of Prisons ("BOP") had notice of these additional claims from the administrative tort claim he filed and a separate administrative remedy that he submitted. But, the administrative remedy process is of no benefit to Ellison. The administrative remedy process is separate and distinct from the tort claim process, and filing under one does not invoke the other. *See Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (recognizing that prisoners "cannot satisfy the PLRA's exhaustion requirement solely by filing . . . administrative tort claims"); *Lopez-Heredia v. Univ. of Texas Med. Branch*, 240 F. App'x 646, 647 (5th Cir. July 6, 2007) (unpublished) ("The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure." (citation omitted)); *King v. Lukens*, No. 2:10-cv-0061-JMS-WGH, 2013 WL 174117, at *6 (S.D. Ind. Jan. 16, 2013) (noting that the FTCA has its own exhaustion requirement separate from the administrative remedy process).

This is true enough, but the United States' conclusion that as a result it was thwarted in its efforts to investigate and evaluate Ellison's claim prior to litigation does not follow.

It is plain from the tort claim that Ellison is upset about the treatment he has received for the knot on his head. The United States' investigator had the opportunity to consider the treatment in its entirety, including the current status of the injury. *See Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (noting that "the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation" (citations omitted)). In fact, the BOP's response states, "[i]nvestigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment." Dkt. 1-1 at 4. The response does not address any of the individual factual allegations raised in the tort claim, only the claim in general. That is, whether Ellison suffered personal injury as a result of the negligent acts of BOP employees in treating the knot on his head.

The Court rejects the United States' argument that Ellison's claim that Ms. Rhoads prematurely removed his sutures resulting from the surgery to treat the knot on his head is a separate alleged act of a government employee distinct from the allegations in his tort claim. The United States will not be permitted to splice the single claim raised in this case—negligent treatment of a medical condition—into multiple sub-claims in an effort to narrow the scope of liability. Ellison's Standard Form 95 gave the BOP sufficient notice to enable the agency to investigate the claim. Allegations concerning the surgery to remove his lipoma, the suture removal, or Ms. Rhoads were not necessary to put the agency on notice that Ellison was complaining of the treatment he received for the knot on his head.

It was the second claim, TRT-NCR-2016-00105, in this instance which provided sufficient written notification of the incident and the claim for money damages for the injury alleged to have occurred. This Form was submitted after all of the allegations of injury occurred. This generous reading of Ellison's second claim is consistent with Seventh Circuit precedent. *Palay,* 349 F.3d at 425 ("Form 95 is entitled to a generous construction."); *Buechel,* 746 F.3d at 760 (reviewing pro se litigant's administrative claim and "giving Buechel the benefit of every reasonable inference that may be drawn from his allegations.").

The United States' motion for partial summary judgment [dkt. 14] is **denied.** Ellison exhausted his administrative remedies regarding his claim that prison medical staff provided him with negligent medical care in treating the knot on his head. This claim shall proceed.

**IT IS SO ORDERED.**

Date: June 2, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

KYLE ELLISON
88432-054
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808