UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYLE ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00385-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Plaintiff's Motion to Appoint Counsel,
Motion for Funding and Motion to Stay**

Plaintiff Kyle Ellison ("Ellison"), an inmate within the Federal Bureau of Prisons ("BOP"), brings this action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a) contending that the BOP's medical staff acted negligently by failing to properly treat a contusion on his forehead. On November 21, 2016, the Court received three motions filed by Mr. Ellison.[1] First, Mr. Ellison requests that the court appoint an attorney to represent him in this action. He states that he needs a lawyer so that the lawyer can hire an expert witness for him. Next, he requests money to hire an expert. Finally, he seeks a stay of all proceedings until counsel appears on his behalf. For the reasons explained below, these requests [dkts. 31, 32 and 34] are **denied.**

---

[1] A fourth motion seeking a court sponsored mediation was also received on this date. This motion will not be addressed until after the defendants have had the opportunity to respond with their view regarding the possibility of settlement.

1

## I. Motion for Appointment of Counsel

Mr. Ellison seeks the Court's assistance in recruiting counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. For example, during the 12-Month Period Ending September 30, 2015, there were more civil cases filed pro se (1,463) than non-pro se cases (1,414) in the Southern District of Indiana. There are simply not enough federal practitioners available to serve as pro bono counsel in every pro se case. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993).

The plaintiff has demonstrated that he has been unsuccessful in recruiting representation on his own. Thus, the court proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an

attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

After considering the claims raised in the complaint, Mr. Ellison's comprehensible filings, his use of the court's processes, and his familiarity with the factual circumstances surrounding his medical care, this Court finds that Mr. Ellison is competent to litigate on his own. In addition, counsel is not needed to hire an expert witnesses for the reasons set forth in Part II of this Entry. If Mr. Ellison's claims survive summary judgment, he may renew his request. Accordingly, the motion to appoint counsel [dkt. 31] is **denied.**

## II. Motion for Funding for Expert Review

Mr. Ellison requests that the Court approve funding for an expert medical witness. Putting aside the fact that the Court does not have a fund designated to finance prisoner litigation, such funding is not necessary. This conclusion is based on the claims alleged in the complaint which must be proven for Mr. Ellison to prevail.

The complaint alleges that Mr. Ellison hit his forehead in the shower area and subsequently sought treatment. Mr. Ellison alleges that the BOP medical staff misdiagnosed the swelling and growth in his forehead and denied him treatment, eventually necessitating surgery by a contracting surgeon to remove the growth. On July 21, 2015, Dr. Brett Guinn, a contract physician, performed surgery at an outside hospital to remove a lipoma from Mr. Ellison's forehead area. After the surgery, Mr. Ellison contends that, on July 30, 2015, Kimberly Rhoads, a dental hygienist, prematurely removed his sutures, contrary to the orders of the contracting surgeon. According to Mr. Ellison, the premature removal of the sutures caused the surgical incision to reopen, contributing to his permanent injury, scarring, pain and suffering, and mental anguish and anxiety.

According to the Mayo Clinic's website, a lipoma is a slow-growing fatty lump that's most often situated between the skin and the underlying muscle layer. A lipoma, which feels doughy and usually isn't tender, moves readily with slight finger pressure. A lipoma is not cancer and usually is harmless. Treatment generally isn't necessary, but if the lipoma is bothersome, painful or growing, it can be removed. Available at: http://www.mayoclinic.org/diseases-conditions/lipoma/basics/definition/con-20024646 (November 28, 2016). Given this background, hiring an expert to opine on Mr. Ellison's allegation that his lipoma went untreated for a period of time before it was removed is highly unlikely to advance his claim. Further, Mr. Ellison's medical records would be sufficient evidence to establish that his lipoma was removed. In addition, if a dental hygienist prematurely removed the surgical sutures from Mr. Ellison's forehead against the surgeon's orders, no expert witness would be necessary to establish negligence in this regard. Thus, the Mr. Ellison's motion for funding for expert review [dkt. 34] is **denied.**

### III. Motion to Stay

Given the denial of the request for appointment of counsel and motion for expert witness funding, the motion to stay all deadlines pending recruitment of counsel [dkt. 32] is **denied.**

**IT IS SO ORDERED.**

Date: November 29, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KYLE ELLISON
88432-054
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel