UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KYLE ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00385-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Regarding Dr. De La Rosa's Expert Opinion**

Defendant United States of America's motion to exclude the opinion of Dr. De La Rosa in support of plaintiff Kyle Ellison's claims at a bench trial, dkt [89], is **denied.**

The United States argues that Dr. De La Rosa's opinions will not assist the trier of fact, are unreliable, or concern areas on which she is not qualified to opine and should be excluded at trial pursuant to Federal Rules of Evidence 403 and 702.

For the reasons explained below, the United States arguments border on the frivolous given its theory of defense and are summarily rejected. The Court will consider Dr. De La Rosa's expert opinion when making factual determinations at the bench trial of this action.

**I. Dr. De La Rosa's Qualifications**

Dr. Rebecca J. De La Rosa, DDS, is a licensed dentist who has run her own private practice, Avon Family Dentistry, since 1990. Dr. De La Rosa received her degree in dentistry from Indiana University School of Dentistry in 1990. According to Dr. De La Rosa, the first two years of dental school were at the medical school, taking the same courses as the medical students. After these first two years, the dental students separated from the medical students and received education focused

on dentistry. During the summers of dental school, Dr. De La Rosa had externships, all of which were related to dentistry and dental care.

Additionally, during dental school, Dr. De La Rosa did rotations through hospitals; one time she removed an appendix and another time she placed or removed sutures in the scalp area. She also learned how to place sutures in dental school, practicing on different cloths and receiving lectures before placing and removing sutures on patients, in both intraoral and extraoral areas. Every time she placed and removed sutures she was clinically evaluated. Dr. De La Rosa completed these rotations and received this training approximately 30 years ago.

In trauma cases, like from falls, Dr. De La Rosa has placed sutures on areas surrounding the mouth, such as the lip and nose. Dr. De La Rosa testified that, in over 30 years, she has placed sutures on the structures surrounding the mouth "several times." She could not provide the number of times she had done this, but testified that it was more than 20; she could not recall if it was more than 30. In her practice, she does not place sutures extraorally on a weekly basis; it is possible that she does so on a monthly basis, but she could not provide a further estimate.

Dr. De La Rosa is an emeritus member and former president of the Indiana State Board of Dentistry.

## II. Dr. De La Rosa's Opinion Testimony

In this case, among other opinions, Dr. De La Rosa testified to the following:

1. Dr. De La Rosa opined that a licensed dental hygienist removing sutures does so outside the permissible scope of his or her license and is an act in violation of the Dental Hygienist Act of Indiana ("IDHA"), Indiana Code § 25-13-1- 1 et seq. But more specifically, she stated that with respect to Rhoads's removal of Ellison's sutures, it was her opinion that "the dental hygienist

operated outside the scope of practice for a hygienist when removing the facial sutures from Mr. Ellison's forehead."

2. Additionally, Dr. De La Rosa opined that when removing sutures, a healthcare professional must have the "ability to examine the wound and evaluate if healing is complete and free of infection." Further, she stated that the wound's severity and the patient's medical history, including whether he or she is diabetic or a smoker, are considerations for a professional in determining whether it is proper to remove sutures or allow them to remain.

3. Dr. De La Rosa opined that specific training is necessary to properly remove both intraoral and extraoral sutures. According to Dr. De La Rosa, such training can consist of the training that she had in dental school, in which she was given lectures and clinical demonstration and clinically evaluated on her placement and removal of sutures.

4. Finally, she opined that the premature removal of Ellison's sutures by a dental hygienist most likely damaged his healing site based upon the wound's dehiscence twice following removal. When asked what damage to the healing site she believed was caused, Dr. De La Rosa testified, "[f]rom what I reviewed, it states . . . the wound opened up again sometime between . . . the 30th and August 9th or something like that, August 7th or 9th it opened up again, and that led me to believe that something was done when the sutures was removed." Similarly, Dr. De La Rosa also opined that "[d]amage to the healing site could have resulted in opening the wound, making the site vulnerable to infection, scarring and ultimately interfering with healing."

Dr. De La Rosa acknowledged that there are several other factors that can affect wound dehiscence, including re-traumatization, diabetes, obesity, and uncontrolled hypertension. Dr. De La Rosa agreed that Ellison was a controlled diabetic and that it was possible that his diabetes could have contributed to wound dehiscence.

## III. Discussion

A district court has broad discretion to control the admission of evidence. *United States v. Khan*, 508 F.3d 413, 417 (7th Cir.2007). "Evidence is relevant and therefore admissible if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Van Allen*, 524 F.3d 814, 825 (7th Cir. 2008) (quoting Fed. R. Evid. 401). "Under Rule 403, however, even relevant evidence may be excluded if its probative value is substantially outweighed by, for example, the danger of unfair prejudice. Fed. R. Evid. 403." *United States v. Ozuna*, 561 F.3d 728, 738 (7th Cir. 2009).[1] The opinions set forth above are relevant and will assist the court at a bench trial in determining the facts at issue. *See United States v. Geok Soo Lim*, 57 Fed.Appx. 701, 704 (7th. Cir. 2003) ("Finally, we reject [the] Rule 403 claims, which are inapposite in a bench trial, where there is no risk of jury prejudice.").

The opinions set forth above are also properly considered under Rule 702. That rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In making a determination under Rule 702, the court must compare the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony. *Gayton v. McCoy*, 593 F.3d 610, 615 (7th Cir. 2010).

The opinions set forth above are reliable based on Dr. De La Rosa's experience and professional training. The United States' arguments to the contrary are summarily rejected given their reliance on the theory that anyone is capable of removing sutures and that no harm can result from their removal. It is for this same reason that the suggestion that Dr. De La Rosa is not qualified to opine as to the standard of care for removal of sutures in a primary care setting is rejected. The Court agrees with Ellison that the United States' argument is more properly an argument as to the weight of her testimony rather than for exclusion.

## IV. Conclusion

Dr. De La Rosa's opinion is relevant and will help the Court in understanding the evidence and determining the factual disputes surrounding Ellison's tort claim. The United States' motion to exclude Dr. De La Rosa's opinions, dkt [89], is **denied.**

**IT IS SO ORDERED.**

Date: 5/11/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KYLE ELLISON
 FEDERAL CORRECTIONAL INSTITUTION
FCI - BECKLEY
P.O. BOX 350
BEAVER, WV 25813

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE
rachana.fischer@usdoj.gov

Dorothy D. McDermott
JACKSON LEWIS PC (Indianapolis)
Dorothy.McDermott@jacksonlewis.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov